# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| DAVID HELTON, | * | |
| | * | No. 15-1105V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: October 23, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Randal G. Mathis, Mathis, Donheiser & Jeter, Dallas, TX, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

David Helton brought a successful petition for compensation from the National Childhood Vaccine Compensation Program. He now seeks an award for attorneys' fees and costs. He is awarded $29,104.49.

\* \* \*

Represented by Randal G. Mathis, Mr. Helton filed his petition for compensation on October 1, 2015. Mr. Helton claimed that the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), and which he received on October 3, 2012, caused him to suffer from Guillain-Barre

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Syndrome.  The parties were able to informally resolve the case, entering a joint stipulation that was then adopted.  <u>Decision</u>, issued Mar. 30, 2018, 2018 WL 5260247.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Helton received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether Mr. Helton's requested amount is reasonable.  Mr. Helton's fees and costs are addressed in turn.

### I.     Attorney and Paralegal Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.

#### A.     <u>Reasonable Hourly Rate</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349.  There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the local rates are substantially lower than the forum rates.  <u>Id.</u> at 1349 (citing <u>Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done in Dallas, TX.  Special masters have found that Dallas, TX rates are not substantially lower than the forum rates and that the forum attorney rates shall apply for work performed in Dallas, TX. <u>See, e.g.</u>, <u>Stewart v. Sec'y of Health & Human Servs.</u>, No. 16-1486V, 2017 WL 5398405, at \*1 (Fed. Cl. Spec. Mstr. Oct. 18, 2017) (citing three other cases to conclude that Dallas attorneys should be paid forum rates).

Two attorneys, Mr. Mathis and Ms. Anh Tran, worked on Mr. Helton's case.  Mr. Mathis charged $435 an hour.  Ms. Tran charged $190 per hour for the period

prior to September 8, 2016, and $230 per hour for the period subsequent. A paralegal was also used in this case, Mrs. Julie Bayless, who requested an hourly rate of $160.

To support his requested rates, Mr. Mathis filed an affidavit stating that $435 is his normal hourly rate during the time period associated with Mr. Helton's case. Pet'r's Fees Mot. at PDF 24. He also notes that he has been practicing law since 1980. Id. at PDF 23. No details are provided about Ms. Tran or Mrs. Bayless's rate, though in a different case another special master noted that Ms. Tran had been practicing law since 2014. Foxx v. Sec'y of Health & Human Servs., No. 15-670V, 2016 WL 7785861, at *7 (Fed. Cl. Dec. 21, 2016).

Mr. Mathis, Ms. Tran, and Mrs. Bayless's rates were analyzed by Special Master Roth in Foxx. The undersigned agrees with the conclusions of Special Master Roth and adopts those rates here. Accordingly, Mr. Mathis's rate is set at $385 for 2015, Ms. Tran's rate is set at $150 for 2015, and Mrs. Bayless's rate is set at $125. These rates are adjusted for 2016 and 2017 using the Producer Price Index – Office of Lawyers ("PPI-OL") measure of inflation. Because the invoice provided does not provide a breakdown of the hours billed based on the year, the undersigned has evaluated the rate differences and finds that a 16% deduction approximately effectuates the rate reductions adopted above.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not challenge any of the requested hours as unreasonable.

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

3

The billing entries provided by the attorneys in this case stand in direct contrast to the guidance given in the Guidelines and <u>Avgoustis</u>.  Mr. Mathis and Ms. Tran's billing descriptions averaged approximately 3-4 words and almost universally provided little useful information that would allow the undersigned to evaluate the entry for reasonableness.  A representative sample of the attorneys' entries is provided below:

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 07/25/17 | AT | Drafted status report. | 0.40 | $92.00 |
| 08/08/17 | AT | Attention medical records. | 0.50 | $115.00 |
| 08/11/17 | RGM | Attention to medical. | 0.10 | $43.50 |
|  | AT | Attention medical records. | 0.40 | $92.00 |
|  | AT | Conference with Mr. Mathis. | 0.20 | $46.00 |
| 08/14/17 | RGM | Telephone conference with D. Wishard. | 0.20 | $87.00 |
|  | AT | Conference with Mr. Mathis. | 0.20 | $46.00 |
| 08/15/17 | RGM | Attention to evidence. | 0.10 | $43.50 |
| 08/23/17 | AT | Drafted joint status report. | 0.80 | $184.00 |
| 08/24/17 | RGM | Damage evidence. | 0.20 | $87.00 |
| 09/01/17 | RGM | Attention to evidence. | 0.20 | $87.00 |
| 09/12/17 | AT | Attention medical records. | 0.20 | $46.00 |
| 09/15/17 | AT | Drafted pleading. | 1.30 | $299.00 |

Pet'r's Fees Mot. at PDF 18.  In contrast, Mrs. Bayless's entries complied with the instruction that billing entries be sufficiently detailed to allow for effective review.  In fact, Mrs. Bayless's entries can serve as an example for others in this program and, partly for this reason and partly to demonstrate the contrast with the attorneys' records, a sample of these entries is included below:

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 02/11/16 | JVB | Attention to two duplicate invoices from BACTES for records from Touchstone Imaging McKinney (.10); email to Cynthia Villa at BACTES advising two firm checks were mailed on February 1, 2016 in payment of both invoices and inquiring of status (.20). | 0.30 | $48.00 |
| 02/12/16 | JVB | Attention to email from Cynthia Villa at BACTES regarding receipt of our firm checks (.10); email to accounting to check bank to see if checks cleared as they have not yet received payment, (.10); attention to patient account records received from Pathologists Bio-Medical Laboratories and verify all information has been filled in correctly and page count is accurate (.10); scan and bates-label records accordingly (.30); update status chart (.10). | 0.70 | $112.00 |
| 02/23/16 | JVB | Attention medical and billing records received from McKinney Dental Group (.20); verify all information has been filled in correctly and page count is accurate (.10); scan and bates-label records accordingly (.30); attention billing records received from Touchstone Imaging McKinney (.10); verify all information has been filled in correctly and page count is accurate (.10); scan and bates-label records accordingly (.20). | 1.00 | $160.00 |
| 03/01/16 | JVB | Attention medical records received from Touchstone Imaging McKinney (.20); verify all information has been filled in correctly and page count is accurate (.10); scan and bates-label records accordingly (.30); update status chart (.10). | 0.70 | $112.00 |

Id. at PDF 11.

Accordingly, while the undersigned was easily able to examine Mrs. Bayless's entries and conclude that the amounts billed were reasonable, this task is much more difficult for the records provided by Mr. Mathis and Ms. Tran. The undersigned struggles to evaluate, for instance, whether 0.2 hours for "Damage Evidence" is a reasonable expense for Mr. Helton's petition. As a result, the undersigned has examined the total number of hours expended by the attorneys in this case and has compared that to the number of hours billed in cases of similar complexity during the undersigned's experience in the Vaccine Program. Based on this analysis, the total number of hours appears to be approximately reasonable, though a little high. Accordingly, the undersigned reduces the number of hours billed by 5% in order to arrive at a reasonable figure. Mr. Mathis and Ms. Tran are advised to provide more complete billing entries in future cases and are warned that a failure to do so can result in penalties. See Valdes v. Sec'y of Health & Human Servs., No. 99-310V, 2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (noting that penalties may be necessary to motivate an attorney to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), mot. for rev. granted in non-relevant part and denied in non-relevant part, 89 Fed. Cl. 415 (2009).

**II.     Costs**

Mr. Helton also moves for reimbursement of $1,691.48 in costs.  This amount includes routine costs associated with obtaining medical records, the filing fee, and shipping.  These costs are reasonable and awarded in full.

*     *     *

Accordingly, petitioner is awarded:

**A lump sum of $29,104.49 in the form of a check made payable to petitioner and petitioner's attorney, Randal G. Mathis.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran
Christian J. Moran
Special Master
